C. C. ADAMS ET AL. v. ESTATE OF J. B. RICHARDSON, DECEASED, ET AL.

No. 385.

1. **Administration de Bonis Non.**—In 1859, A. sold land to R., receiving therefor $645 in cash. and three notes for $645 each. R. died. In 1869, the notes were presented to his administrator, and were allowed by him and approved by the court as a vendor's lien on the land, and subsequently the land was ordered to be sold, and all but one lot was sold, and bought by A. for a less amount than his debt. The sale was confirmed, and the administrator ordered to make conveyance to the purchaser, but the administrator died in 1874, before making it, and from November, 1873, until 1892, no proceedings were had in court pertaining to the estate of R. The records do not show that the estate of R. had ever been closed, and an application for letters of administration, de bonis non made in 1892 was properly granted, and the administrator de bonis non could, under order of the court, properly make to the heirs of A. the deed which his predecessor had been ordered to make to A.

2. **Sale by Administrator when Deed not Made.**—The land being sold by order of the court for payment of an established claim against the estate, and the claim being secured by a vendor's lien on the land which had been previously established by the judgment of the court, the purchaser, being the owner of the claim, did not occupy the position of a purchaser without interest in the sale. When the sale was made for less than his claim, and approved by the court, his claim was, pro tanto, paid, and he acquired an equitable title to the land.

3. **Administration—Statutes Construed.**—Article 1827, Revised Statutes, prescribing the time within which administration shall be granted upon the estate of a decedent, does not apply to an application for grant of administration de bonis non. Article 1871, providing for further administration, does not say that such administration shall be granted under the same *limitations*, but under the same *regulations*, as provided for the appointment of original administrators; by article 1959 he succeeds to all the rights. powers, and duties of the former administrator; by article 1961, must administer the estate as if it was a continuance of the former administration; and article 1829 authorizes grant of letters de bonis non after any lapse of time, if the estate be not closed.

Appeal from Galveston. Tried below before Hon. Wm. H. Stewart.

*A. R. Campbell*, for appellants.—The court erred in its judgment and decree denying the application of the heirs of C. B. Adams, deceased, that the administrator be required to make conveyance of the land described in their application, as prayed for, and in ordering said heirs to pay the cost of said application. When letters of administration de bonis non have been granted, because the former administrator died before conveying the property he had sold and reported, and which sale had been confirmed and conveyance ordered by the court, upon application of the purchasers the court should order the administrator de bonis non to make the deed. Rev. Stats., arts. 1959, 1961, 1809.

The orders of the Probate Court, before the final settlement and discharge of the administrator, are in the nature of interlocutory decrees, and the statute does not run until after such final settlement and discharge. Tendal v. McMillan, 33 Texas, 487; Branch v. Hendrick, 70 Texas, 732.

*Robert G. Street*, for appellees.—1. Articles 1871 and 1827, Revised Statutes, are parts of the same Act (August 9, 1876), and will be construed in harmony with each other; and article 1829 (Act of 1870), will be construed in subordination thereto. Cochran v. Thompson, 18 Texas, 655; Blair v. Cisneros, 10 Texas, 34.

2. The bidder acquired no right except to comply within a reasonable time. Short v. Ramsay, 18 Texas, 397.

3. The property might have been resold without further notice. Rev. Stats., art. 2084, Act Aug. 9, 1876.

4. The legal title passed by the sale of Adams to Richardson, and the notes became subject to the bar of the statute of limitations. Bynum v. Preston, 69 Texas, 287.

5. Because the judgment (article 2031, Revised Statutes) on the notes is likewise subject to the bar of the statute, it is sought to evade that issue by this proceeding.

PLEASANTS, Associate Justice.—The nature and result of the proceedings in probate appealed from is thus stated by appellants in their brief: "On the 8th day of March, 1892, Charles C. Adams, one of the appellants, filed in the County Court of Galveston County application for letters of administration de bonis non on the estate of John B. Richardson, deceased, to issue to M. C. McLemore, Jr.; alleging that original letters issued to Mary C. Harding, who was removed on account of her failure to file inventory; that letters then issued to W. H. Hayes, who filed an inventory of the property of the estate, consisting of lots 458, 468, 475, 476, 487, 488, 495, and 496 in section 1, and 6, 7, 14, and 15 in section 2, on Galveston Island, in Galveston County, making in all 129.1 acres

of land; that C. B. Adams, petitioner's father, sold said land and conveyed the same to said John B. Richardson, by deed dated December 1, 1859, for the consideration of $645, cash paid, and Richardson's three notes for $645 each, due in one, two, and three years, and bearing interest at the rate of 10 per cent per annum from December 1, 1859; that his father presented in due form his claim, based on said notes, against said estate, which was allowed by the administrator and approved by the court, July 20, 1869, for $1935, with 10 per cent interest from December 1, 1859, and as a vendor's lien on said land; that the land was subsequently ordered to be sold by the court, lot 488 being omitted by mistake. Lots numbers 455, 468, 475, 476, 487, 495, and 496, in section 1, sold to C. B. Adams for $1145, and lots 6, 7, 14, and 15 sold to C. B. Adams for $400. The sale was reported to the court, confirmed, and the administrator ordered to make conveyance to the purchaser, and the administrator subsequently allowed $120 for services, to be paid by the purchaser of the property, and the balance to be credited on Adams' claim, and the administrator again ordered to make the conveyance to the purchaser; that the administrator died without making the conveyance. The property did not sell for sufficient to satisfy Adams' claim, and the mistake in omitting lot 488 was never corrected; that the only property remaining belonging to Richardson's estate is said lot 488; that it does not appear from the record that the administration has been closed.

"That C. B. Adams is dead, and Charles C., Martha J., and Dora P. Adams are the only children of C. B. Adams, his surviving wife and their mother; that it was not known to them until recently lot 488 had not been sold to satisfy said claim, or that the conveyance had not been made for the other lots sold as stated, or that the administration of said estate had not been closed; that a necessity exists for the appointment of an administrator of said estate in order to have said conveyance made and said lot 488 sold to satisfy balance due on allowed claim of C. B. Adams, and proper settlement of the estate, etc.

"In April, 1892, the County Court appointed M. C. McLemore, Jr., administrator de bonis non. In May, 1892, appellants filed their motion, asking that the administrator be ordered to make the conveyance of the property previously sold by H. W. Hayes as administrator, and tendered $120, the amount previously allowed Hayes for his services as administrator.

"John A. Harrington, who claimed to have purchased an interest in the property from the heirs of John B. Richardson, and Mary E. Harding, the original administratrix, who had been removed because of her failure to file inventory, and others, claiming to be the heirs of John B. Richardson, deceased, in June, 1892, filed their petition in the County Court, alleging that the administration de bonis non was improperly granted, and asked that said letters of administration de bonis non on

said estate of John B. Richardson be declared void for want of jurisdiction, etc.   In June, 1892, the County Court, by an order, declared the administration de bonis non was improperly granted, revoked the letters, and denied the application of appellees asking that the administrator be ordered to make the conveyance of the property sold as aforesaid.

" From orders revoking the letters and denying the application for an order requiring the administrator to make the conveyance, appellees appealed to the District Court.

" In the District Court, the matter coming on to be heard, the order revoking the appointment of M. C. McLemore, Jr., as administrator of the estate of John B. Richardson was annulled, and said McLemore ordered to proceed to administer the estate under said appointment as the law directs.   And on the same day the District Court ordered, adjudged, and decreed that appellees' application for an order to said administrator to make conveyance of the land sold by his predecessor be denied. Appellees excepted to the order denying their application for an order requiring the administrator to make the conveyance, and have brought the case here by appeal."

To this statement we add the following:   The deed from Adams to Richardson conveyed the property, without reserving a vendor's lien to secure the deferred payments evidenced by the three promissory notes executed by Richardson to Adams, and bearing even date with the deed of conveyance, to-wit, December 1, 1859; and that the judgment of the Probate Court, approving the allowance of these notes by the administrator as a valid and subsisting debt due from his intestate, recites that said notes were given in part payment of the land sold to the intestate on the 1st of December, 1859, by Adams, and adjudges that a vendor's lien existed upon said land to the amount of said debt; and the order of sale directs that the land be sold by the administrator to satisfy said lien, and that the terms of the sale be cash, for a sum sufficient to pay said indebtedness and the expenses of said sale.   The land was not sold on the day named in the order of the court, and upon application of the administrator the order was reversed, and the day of sale was fixed for the first Tuesday in March, 1870; and the order of the court confirming the sale made in pursuance of the last recited order, on the 4th of March, A. D. 1870, directed that the administrator make deed to Adams for the land, upon his compliance with the terms of sale, and that the amount of the sale, to-wit, $1245, be credited by Adams upon his claim; but this order for compensation does not name or fix the amount due to the administrator for making the sale.   The report shows that all of the lots embraced in the tract of land, save one, were sold and purchased by Adams. The administrator did not make the conveyance as directed, and made no further report to the court until November, 1873, when, in response to a citation from the court, he reported that no other property had ever

come into his hands belonging to his intestate, save that which he, under order of the court, had sold to Adams in March, 1870; that neither Adams nor any one for him had made an offer to comply with said sale; and upon this report the court again ordered that the administrator make the conveyance to Adams upon his paying the costs of administration, and paying to the administrator the sum of $120, the amount fixed by the court as the compensation of the administrator for making the sale. The administrator died in January, 1874, without making the conveyance, and from November, 1873, until the filing of appellant's application, in April, 1892, for the appointment of an administrator de bonis non, no proceedings were had in said court pertaining to the estate of Richardson. Adams sold a portion of the property, to-wit, lots 476, 487, and 496, in section 1, on the 25th day of August, 1884, by deed of warranty, to Julia Kaufman; and Adams died in 1885, intestate, owing no debts, and there was no necessity for administration upon his estate; that his heirs are appellants herein, and that they sold, on the 5th of March, 1887, to said Kaufman, by deed of warranty, lots 6 and 15, in section 2, and said lots were all subsequently conveyed by Kaufman to Clara Kaufman. Appellants were ignorant of the fact, until a short time before they filed their application for the appointment of an administrator de bonis non, that the deceased administrator, Hayes, had failed to make a conveyance of the property to the purchaser, as he was ordered to do in March, 1870, and in November, 1873. It was agreed by the parties herein that Hayes was the duly appointed administrator de bonis non of the estate of Richardson.

The persons who joined Harrington in resisting the application of appellants for appointment of administrator, and for order to convey the property to them, are the heirs of said J. B. Richardson, deceased, and from them Harrington purchased an interest in said lots; and Harrington and said heirs instituted suit in the District Court of Galveston County to try title to the property, in March, A. D. 1892, making the heirs of Adams and the purchaser from Adams and his heirs parties defendant.

The foregoing statement made by appellants in their brief of the nature and result of their suit, with the addition made thereto by us, embodies all of the material facts established upon the hearing of the cause before the District Court.

Upon such facts our conclusions are, that the Probate Court erred in revoking its order made at a previous term, granting letters of administration de bonis non upon the estate of J. B. Richardson, deceased, to M. C. McLemore, Jr., and in refusing the application of appellants to order said McLemore to make conveyance to them of the property sold to Charles C. Adams by the administrator of the estate of J. B. Richardson, in March, A. D. 1870, in obedience to an order of the Probate Court of Galveston County, made on the 31st of January, A. D. 1870; and that

the District Court of Galveston County also erred in refusing to make such order. The land was sold by order of the court, 1870, for the payment of the established claim of Adams against the estate of Richardson, said claim being secured by vendor's lien on the land, previously established by judgment of said court. Adams did not therefore occupy the position of a purchaser without interest in the sale. When the sale was made to him for less than his claim, and the sale approved by the court, his claim against the estate was, pro tanto, paid, and he acquired an equitable title to the land, subject to a lien for the payment of the costs of the sale; and the administrator could have compelled him to pay such costs.

Article 1827, Revised Statutes, which prescribes the time within which original administration shall be granted upon the estate of a decedent, does not apply to an application for grant of an administration de bonis non.

Article 1871 of the Revised Statutes provides: "Whenever an estate is unrepresented, by reason of the death, removal, or resignation of the executor or administrator, the court shall grant further administration upon such estate, when necessary, in the same manner, and under the same regulations, provided for the appointment of original executors or administrators." This article does not say that administration shall be granted under the same *limitations*, but under the same *regulations*, as provided for the appointment of original administrators. The only limitation imposed is that a necessity must exist for such further grant of administration.

Article 1959, Revised Statutes, provides, that an administrator de bonis non shall succeed to all the rights, powers, and duties of the former administrator; and article 1961, Revised Statutes, provides, that such administrator shall proceed to administer the estate as if his administration was a continuation of the administration of the former administrator.

Article 1809, Revised Statutes, provides, that the judge of the County Court shall have the same power to enforce all orders, decrees, and judgments heretofore made and rendered in the Probate Court of his county, as if such orders, judgments, and decrees had been made and rendered under the provisions of this title.

Article 1829, Revised Statutes, provides, where letters of administration shall have once been granted, any person interested in the administration may proceed, after any lapse of time, to compel a settlement of the estate, when it does not appear from the record that the administration thereof has been closed.

Construing these articles together, the Probate Court had the power to grant the relief sought by appellants, and their right to such relief was not barred by the lapse of time between the death of the previous administrator of the estate and the filing of their application in May, 1892. The record does not show that the administration had been closed when

appellants filed their application for the appointment of an administrator de bonis non.　Branch v. Hanrick, 70 Texas, 731.

For the errors indicated, the judgment of the District Court appealed from is reversed and the cause remanded to that court; and it will reverse the judgment of the County Court, rendered in June, A. D. 1892, revoking the administration granted upon the estate of the said Richardson by said court in April, 1892, and also the judgment of said court rendered in June, 1892, refusing the application of appellants for an order requiring M. C. McLemore, Jr., the administrator of said estate, to convey to them the property described in said application, upon payment by them of the sum of $120.　And said District Court will render a judgment in accordance with this opinion, and certify the same to the County Court of Galveston County for its observance.

*Reversed and remanded.*

Delivered December 21, 1893.