GALLATIN TURNPIKE CO. *v.* PURYEAR.

(*Nashville.*   December Term, 1905.)

1.  **ADMINISTRATOR DE BONIS NON.**  Limitation of time for
    appointment applies to.

    The statute prescribing the several periods of limitation within
    which administration may be granted upon the estates of de-
    cedents applies to administrators *de bonis non,* as well as to
    original administrators.

    Code cited and construed: Sec. 3955 (S.); sec. 3061 (M. & V.);
    sec. 2220 (T. & S. and 1858).

    Cases cited and distinguished: Crossan v. McCrary, 37 Iowa, 684;
    Adams v. Richardson, 5 Tex. Civ. App., 439; Kempton v. Swift,
    2 Metc. (Mass.), 70; Bancroft v. Andrews, 6 Cush. (Mass.),
    493; Holmes, Petitioner, 33 Me., 577.

2.  **SAME.**  Appointment of, cannot be attacked collaterally.

    The county court having original and independent   jurisdiction
    of the appointment of administrators   and the revocation of
    their letters, a defendant sued by a person acting as adminis-
    trator *de bonis non,* under the apparent authority of the county
    court, cannot, in such suit, collaterally question the validity of
    the appointment of such administrator.

    Cases cited and approved:   State v. Anderson, 16 Lea, 321; Wil-
    son v. Frazier & McKinney, 2 Humph., 31; Wilson v. Hoss, 3
    Humph., 142; Franklin v. Franklin, 91 Tenn., 119.

3.  **SAME.**  Same.  Same.  One sued by administrator may attack
    appointment in county court, when.

    Where the county court has exceeded its authority and granted
    administration after the time limited by statute therefor, a per-
    son sued by one acting as administrator *de bonis non,* under the
    apparent authority of said court, has such an interest in the
    question of the validity of the appointment of such administra-

Turnpike Co. v. Puryear.

tor as entitles him to apply to the county court issuing the letters for a revocation of the administration upon the grounds above stated.

FROM SUMNER.

Appeal from the Circuit Court of Sumner County.— D. B. Bell, Judge.

J. W. Blackmore, for Turnpike Co.

W. A. Guild and D. B. Puryear, for Puryear.

Mr. Justice Neil delivered the opinion of the Court.

On the 15th of January, 1904, a petition was filed by plaintiff in the county court of Sumner county against the defendant. This petition contained the following allegations:

That John Byrns died intestate in Sumner county, Tennessee, in the year 1841, and that at the January term of the county court of that county in the year 1842 administration was granted on his estate; that in January, 1903, sixty-two years after the death of said Byrns, the county court made an order appointing another administrator for said estate, viz., the defendant, D. B. Puryear, who, under color of this appointment, has as such administrator *de bonis non* brought suit against the petitioner in the chancery court of Sumner county.

It is alleged that this action of the county court is directly in opposition to the provisions of the Code upon the subject, inasmuch as none of the exceptions provided for in the statute existed in favor of the said estate.

The prayer of the petition was that the administration should be revoked.

A demurrer was filed by the administrator, making two points: First, that the statutory inhibition did not apply to administrators *de bonis non,* but only to original administrators; and, secondly, that the petitioner did not occupy such a relation to the estate as that it could question the appointment.

The county court sustained the second ground of demurrer and dismissed the petition. Thereupon an appeal was prosecuted to the circuit court of the county, and there both grounds of demurrer were sustained, and the petition dismissed. From this latter judgment an appeal was prayed and prosecuted to this court, and errors have been assigned here.

The statute referred to is Shannon's Code, sec. 3955.

This section, with its various subsections, reads as follows:

"3955.   The time within which administration may be granted shall be as follows:

"(1.)  *When deceased was entitled to a remainder not reduced to possession.*—Where a person dies entitled to a vested or contingent remainder, not reduced to possession in his lifetime, ten years after the termination of the life or other particular estate on which the remainder

depends shall be given to administer upon his estate in said remainder.

"(2)  Administration may be granted at any time within thirty years from the death of the deceased to any person entitled to distribution who was an infant or married woman when the deceased died.

"(3)  A special administration may be granted for the purpose of prosecuting any claim against the government of the United States, without any limitation of time.

"(4)  But in no other case shall letters of administration be granted where the deceased died twenty years before application made for the same; and all letters testamentary or of administration granted after the said period of twenty years, to any other than a distributee who was such infant or married woman, shall be utterly void and of no effect."

In the brief of counsel for the defendant in error we are referred to the statutes and decisions of other States —the decisions referred to being *Crossan* v. *McCrary,* 37 Iowa, 684; *Adams* v. *Richardson,* 5 Tex. Civ. App., 439, 27 S. W., 29; *Kempton* v. *Swift,* 2 Metc. (Mass.), 70; *Bancroft* v. *Andrews,* 6 Cush. (Mass.), 493; *Holmes, Petitioner,* 33 Me., 577.

The Iowa and Massachusetts statutes seem to refer in terms to original administrations, and in Texas there seems to be a special provision in favor of administrators *de bonis non.*

These cases afford no aid in the construction of our statute.

We are of the opinion that the section of the Code which we have quoted was intended to cover the whole subject, and, no saving having been made in favor of administrators *de bonis non*, we can make none. It was designed as a statute of repose.

The first ground of demurrer must therefore be overruled.

The second ground must also be overruled. The complainant having been sued by the defendant, acting as administrator under the apparent authority of the county court, it had a direct interest in the question, whether he was a legal administrator. Under our decisions it could not raise the question collaterally in the suit brought against it, since the county court has original and independent jurisdiction in the appointment of administrators, and in the revocation of their letters. *State* v. *Anderson*, 16 Lea, 321 ; *Wilson* v. *Frazier & McKinney*, 2 Humph., 31; *Wilson* v. *Hoss*, 3 Humph., 142 ; *Franklin* v. *Franklin*, 91 Tenn., 119, 18 S. W., 61.

Having the interest stated, and there being no law authorizing the petitioner to make the controversy in any other court, it necessarily follows that it had the right to apply to the county court to test the validity of the appointment, and, in case that court should declare the appointment invalid, then to have the letters revoked.

Of course, we do not wish to be understood as intimating that a defendant, sued by an administrator, could

Turnpike Co. v. Puryear.

institute an action in the county court for revocation of his letters, on the ground of any mere irregularity fallen into by the county court in the exercise of its powers, or that such defendant could raise a question as to whether that court had passed over one having a preferred right to administer and had selected one having an inferior claim.   The present case, according to the facts set out in the petition, is one wherein the county court had passed the bounds of its authority under the statute; yet it is apparent that the court referred to was the only one that could deal with the question, since we cannot say that its action was absolutely void on its face, as it is possible one of the exceptions provided for in the statute may have existed.

It results that the judgment of the circuit court must be reversed, and the cause remanded to that court, with directions to reverse the judgment of the county court dismissing the petition, and to remand to that court for further proceedings.

Defendant will pay the costs of this court and of the circuit court.