Wilde J.
delivered the opinion of the Court. The appellants are the widow and brother of Benjamin Stebbins deceased, and are the principal legatees named in his last will and testament. They object as well to the probate of the will, as to the grant of administration to the defendant.
The objection first in order relates to the jurisdiction of the judge of probate, which, it is argued, did not attach until *42 the will was filed in the probate office ; and that the anterior proceedings were therefore irregular and void. Perhaps it may be true, as the respondent contends, tlat this objection, though well founded, is immaterial, and does not invalidate the grant of probate. But we do not think that these proceedings were irregular. It has been contended, that the only remedy for a person interested in a will, if the executor refuses to exhibit it, is the statute penalty. But this position cannot be maintained. The statute remedy is cumulative and does not take away the rights of any party claiming under the will, nor the jurisdiction of the judge of probate. Any person interested in a will has a right to apply for probate of it, and the judge of probate, on such application, may summon the executor, or other person having the custody of the will, to exhibit it for probate.[1] This authority in the judge of probate is incident to his general jurisdiction of the probate of wills, and the power of granting administrations. 3 Bac. Abr. 34Executors fyc., E, 1. It is said, the judge may ex officio, or at the instance of any one, cite the executor to prove the will, because the applicant may be ignorant of the contents of the will, and may expect a legacy, and has a right to be informed. 3 Bac. Abr. 40, Executors fyc. E, 8; Godolph. 60.[2] Besides, the legatees or devisees may be absent or unknown; in which cases it is proper for the judge of probate to proceed ex officio, and to prevent the concealment, suppression, or loss of the will. And who can be injured by such an exercise of his authority ? Certainly no one ; for still the legatee, if he sees fit, may renounce his legacy. But suppose the law to be otherwise, still we are of opinion that the probate in this case was properly granted. Champion, upon whose application the executor was cited, was a creditor of the deceased, and also of Miner Stebbins, the executor and principal legatee. He therefore had an interest in the will, which authorized his application.
By our law, whoever has a right to offer a will in evidence, or to malee title under it, may insist on having it *43 proved. A creditor therefore of a devisee has this right for the purpose of obtaining satisfaction of his debt; otherwise there might be a failure of justice. The executor might be disposed to impede or delay payment of the debt, and might enter on the estate and take the rents and profits without proving the will, and the creditors would be without remedy.
But the appellants contend that the provisions of the will have become void, first, by the refusal of the executor to accept the trust, and secondly, by the refusal of all the legatees and devisees to take under it.
As to the refusal of the executor, it is very clear that it does not malte void the legacies. The statute is express, that in such case administration shall be granted with the will annexed; and so is the law in England. Toller’s Law of Executors &c., (3d ed.) 42; Swinburne, pt. 6, § 12.[1] So if a testamentary disposition of property be made, and no executor be named, administration with the will annexed sha” be granted. Toller, 98.
As to the other point, what would be the legal effect of a renunciation by all the devisees and legatees, we do not at present determine. Nothing appears amounting to a renunciation. But if this were doubtful, the question is not tc be settled in the court of probate. The respondent has a right to be heard on this point in a court of law, and he cannot be so heard if the grant of probate should be revoked. The most that appears at present is an intention to renounce: and even this is not very clear ; it is possible that the intention was merely to impede the creditors in the collection of their debts. Until the legatees shall actually renounce their legacies, their assent to the provisions of the will, which are apparently beneficial to them, will be presumed. Townson v. Tickell, 3 Barn. & Ald. 31. If they should persist in the intention to renounce the estate, the probate of the will will not restrain them. And then the question will be fairly raised, whether this can be done to the prejudice of creditors.
*44 This being the light in which we view this point, it will not be necessary to determine whether the acts of the devisees will in law amount to a renunciation. It is sufficient to justify the proceedings of the judge of probate in this particular, that these acts taken together, especially the acts of Miner Stebbins, are equivocal, and that nothing short of an express renunciation can be taken notice of in a court of pro-, bate. And there seems no good reason why the fact should not be verified by the record, when the parties are present and may renounce if they are so inclined. No doubt a devisee may disclaim by deed the estate devised, as was decided in the case of Townson v. Tickell, 3 Barn. & Ald. 31, and perhaps he may disclaim without being subjected to the expense and trouble of executing a deed, as Holroyd J. seemed to think. But it does not follow that a court of probate shall receive evidence of such disclaimer, and most certainly not when the evidence relates to acts of a doubtful bearing. In the case of Proctor et al. v. Atkins, 1 Mass. R. 321, it was decided that a court of probate could not determine upon a claim set up by deed, because it was determinable exclusively at the common law. The same reason applies with force to the supposed disclaimer in this case.
The grant of administration stands on a different footing.
By the St. 1783, c. 24, § 16, [see Revised Stat. c. 63, § 5,] it is made the duty of an executor of a will, knowing of his being so appointed, to cause such will to be proved within thirty days, or to present the said will and in writing declare his refusal. And upon such refusal the judge of pro bate shall commit administration of the estate of the deceased, with the will annexed, unto any widow or next of kin to the deceased, or one or more of the devisees, or in case of their refusal, to one or more of the principal creditors.
If the executor refuse the executorship, his renunciation should be entered and recorded. A refusal by any act in pais, as a mere verbal declaration to that effect, is not sufficient. Toller, 42.[1] So the refusal of the next of kin should *45 appear of record. But it does not appear in this case, that they did refuse. They were heard on the question, whether the will should be proved and administration granted. And after the hearing, the case was continued for advisement, but it does not appear that they were even present when the will was approved and administration was granted. After the determination of the question, whether administration with the will annexed should be granted, the next of kin and devisees should have had an opportunity to elect whether they would take out administration or yield it to the creditors.
The widow and next of kin now claim the right to administer, and as their right is paramount to that of the creditors, and as they have done nothing amounting to a relinquishment, that part of the decree which relates to the granting of administration must be reversed. The residue relating to the probate of the will is affirmed.

 See Revised Stat. c. 62, § 14; Smith v. Moore, 6 G-reenl. 274.

 See Williams on Executors &c. pt. 1, bk. 3, c. 6, vol.-l, p. 147

 See Williams on Executors &c., pt. 1, bk. 5, c. 3. § 1, vol. 1,p 283; Jackson v Jeffries, 1 Marshall’s (Ken.) R. 88.

 See Williams on Executors &c., pt. 1, bk, 3, c. 6, § 2, vol. 1, p. 153. The renunciation of an executor may be made by letter showing such m *45 tention, provided it be filed in the proper office. Commonwealth v. Mattier 16 Serg. & Rawle, 416; Broker v. Charter, Cro. Eliz. 92; S. C. Owen, 44.