RICE, Adm'r, *v.* HENLY & CARTER, Ex'rs.

(*Nashville.* March 5, 1891.)

1. ADMINISTRATION. *Granted after twenty years, void.*

Administration granted, in other than the excepted cases, more than twenty years after the decedent's death, is "utterly void and of no effect" by the express terms of the statute, and will be revoked and vacated upon direct attack by proceedings properly instituted for that purpose.

Code construed: ₴ 3061 (M. & V.); ₴ 2220 (T. & S.).

2. SAME. *Same. Collateral attack.*

But upon collateral attack it will be presumed conclusively that such administration was authorized and properly granted.

3. SAME. *Same. Defense not available against direct attack.*

It is not a good defense to a direct proceeding instituted for the purpose of revoking and vacating such illegal grant of administration, that the party seeking this relief procured or assented to the grant of administration of which he complains. There is want of power in the Court to make the grant, and this may not be cured or waived by any act of the parties.

---

FROM SUMNER.

---

Appeal in error from the Circuit Court of Sumner County. A. H. MUNFORD, J.

S. F. WILSON and C. R. HEAD for Rice.

J. J. TURNER and VERTREES & VERTREES for Henly & Carter.

CALDWELL, J.   This is an action commenced in the County Court of Sumner County by petition to revoke and vacate letters of administration because granted more than twenty years after the death of the intestate.   The defense to the petition was estoppel.   This defense prevailed in the County Court; but, on appeal to the Circuit Court, it was held not to be established by the proof, and the prayer of the petition was granted.   From that judgment there was an appeal in error to this Court.

Appellant, Dr. C. A. Rice, was married to Miss Julia Henly in January, 1866.   While going from her home in Sumner County, Tenn., to his home in Mississippi, a steamer on which they were traveling on the Mississippi River, was destroyed by an explosion of its boiler, and Mrs. Rice was drowned, February 4, 1866.

On June 30, 1888, about twenty-two years and five months after her death, Dr. Rice was granted letters of administration on her estate by the County Court of Sumner County.   Seventeen months thereafter this proceeding was instituted by Henly & Carter as executors of Mrs. Robb, a sister of Mrs. Rice, who, after the death of Mrs. Rice, had received the latter's estate, claiming it as her own under the will of their father.   Mrs. Robb died testate only a few days before the letters of administration were granted to Dr. Rice, but some time after she had, through her attorney, advised and urged him to apply for such letters, with a view yet to be stated.

W. M. Henly, a nephew of Mrs. Robb and Mrs. Rice, had brought a suit in chancery against Mrs. Robb, and recovered a decree against her for over $7,000, the same representing one-half the accruments received by her on the bequests made in the will of her father to her deceased brothers and sisters. That cause terminated in this Court at the December Term, 1887, and the opinion then delivered is reported in 2 Pickle, pp. 474 to 484. No question was made in that case as to the rights of Dr. Rice in the estate of his deceased wife; but the controversy was alone between Mrs. Robb and W. M. Henly, on the assumption by her that she alone was entitled to all the accrued shares, and by him that he was entitled to one-half of them. Their respective contentions and the merits of each were considered in the opinion cited. When that cause was decided against her, and W. M. Henly was endeavoring to collect his recovery, Mrs. Robb, through an attorney whom she employed after the decree of this Court, communicated the facts of the case and the result of the litigation to Dr. Rice, who still resided in Mississippi, and requested him to administer on the estate of his deceased wife, so that she, Mrs. Robb, might use his name as administrator, or he himself might take active steps in the Courts, to prevent W. M. Henly from collecting from her so much of said decree as represented any part of Mrs. Rice's estate.

Before a final agreement was reached with Dr.

Rice, Mrs. Robb died. Nevertheless, in pursuance of her desire and plan, he was qualified as administrator of his wife, Mrs. Robb's said attorney becoming one of the sureties on the administration bond. While the matter of taking out these letters was being considered, Dr. Rice's attorney mentioned the fact that more than twenty years had elapsed since the death of Mrs. Rice, and suggested that such fact stood in the way; but in response it was agreed by Mrs. Robb's attorney that no objection should, at any time, be interposed on that account.

In all communications with Dr. Rice, however, it was expressly stated for Mrs. Robb that she still claimed the estate of Mrs. Rice in her own right and by adverse possession, and that she would concede nothing to him on that score, her only object being to defeat the collection by W. M. Henly of the decree recovered against her. In the event of success in that effort, she expressed a willingness to pay Dr. Rice something for his participation in the contest.

Though asserted at all times by her attorney, the rightfulness of her claims, as against him, was not conceded by Dr. Rice; hence, the matter of adjustment between them, after the demolition of a common adversary, was left for future consideration.

After obtaining his letters, Dr. Rice filed a bill in the Chancery Court against Mrs. Robb's executors and W. M. Henly to restrain the collection

of the latter's said decree, etc.   The theory and
allegations of this bill were agreed upon by the
attorney of Mrs. Robb, who had become the at-
torney of her executors, and by the attorney of
Dr. Rice, who drafted the bill.   Pending this bill,
and before any active steps were taken to have a
hearing, a compromise, by which Dr. Rice was to
receive $1,000, was suggested by W. M. Henly.
All the parties were advised of the proposed com-
promise, and for a time its consummation seemed
probable, the executors, their attorney, and the at-
torney of Dr. Rice having agreed thereto.   But it
failed when W. M. Henly's attorney was consulted;
and at once the executors made an adjustment, by
compromise, with W. M. Henly for the benefit of
Mrs. Robb's estate, leaving the claims of Dr. Rice
out of consideration, and making no provision
whatever for him.

Thereupon Dr. Rice filed an amended bill, set-
ting up new facts, and manifested a purpose to
vigorously prosecute his original bill.   When this
was done Henly & Carter, Mrs. Robb's executors,
who had never personally had any agreement with
Dr. Rice nor expressly authorized their attorney
to agree that they would not make the question
that his letters of administration were applied for
and granted more than twenty years after the
death of his wife, gave notice and inaugurated the
present proceeding.

The Circuit Judge, who tried the case without
a jury, was of the opinion that the facts shown

did not make out an estoppel against the executors, and therefore granted the prayer of their petition.

Whether the authority given by Mrs. Robb to her attorney in this matter continued after her death, as in an unfinished transaction, so as to be binding on her executors to the same extent as on herself while living, we need not and do not decide, because that question is not a controlling one in this case. What was done and said in her behalf would not estop her if living, and does not estop them from asking the relief here sought.

The statute invoked by the executors is peremptory in its terms, and its operation cannot be suspended or abrogated by the agreement of parties concerned. It does not bar the remedy merely, but destroys the right as well. The right in the distributee to obtain and in the Court to grant letters of administration is not one that may be revived by new promise when lost by lapse of time; nor can the grant, made after the period prescribed by the statute, be validated by the acts of the parties, or upheld by the doctrine of estoppel. The language of the statute is as follows:

" The time within which administration may be granted shall be as follows:

"1. Where a person dies entitled to a vested or contingent remainder not reduced to possession in his life-time, ten years after the termination of the life or other particular estate on which the

remainder depends, shall be given to administer upon his estate in said remainder.

" 2. Administration may be granted at any time within thirty years from the death of the deceased to any person entitled to distribution who was an infant or married woman when the deceased died.

" 3. A special administration may be granted for the purpose of prosecuting any claim against the Government of the United States without any limitation of time.

" 4. But in no other case shall letters of administration be granted when the deceased died twenty years before application made for the same; and all letters testamentary or of administration granted after the said period of twenty years to any other than a distributee who was such infant or married woman, shall be utterly void and of no effect." Code (M. & V.), § 3061.

This statute is a positive limitation upon the power of the Court; and, by its terms, any letters granted after the period prescribed in the fourth subsection, and not falling within one of the exceptions, are "utterly void and of no effect."

When letters are impeached as invalid under this subsection, the proper practice requires that application for revocation be made, as was done in this case, to the County Court granting them, notwithstanding it be obvious that the grant was made more than twenty years after the death of the deceased; for one of the statutory exceptions may have been shown to be applicable in the par-

ticular case. Whether the person entitled to administer and receiving the letters of administration or testamentary was under the disability of coverture or minority at the death of the decedent, is a question of fact; and in a collateral attack (such as might have been made in answer to the bills of Dr. Rice), it will be presumed conclusively that such question was properly decided by the County Court when the letters were granted.

It being shown by appropriate proceeding that Dr. Rice was not under disability; that he was not an infant, but more than twenty-one years of age when his wife died, it follows, by the express words and manifest spirit of the statute, that the letters of administration on her estate, granted twenty-two years and five months after her death, are "void and of no effect."

No act, inducement, or agreement of any kind or by any person, before, at the time of, or subsequently to the grant, can give the letters validity or defeat petitioners in their effort to have them revoked and vacated.

However great the moral obligation resting upon the executors of Mrs. Robb not to have commenced this proceeding, it affords no legal defense to the relief sought; that is a matter for their personal consideration, without restraint or constraint on the part of the Courts.

Affirmed with costs.

Judge Snodgrass dissents.