WEAVER et al. v. HUGHES—173 S. W. (2d) 159.

Middle Section.   April 10, 1943.

Petition for Certiorari denied by Supreme Court, July 3, 1943.

438

A. B. Collins and G. S. Ridley, both of Murfreesboro, and C. H. Rutherford, of Nashville, for plaintiff in error.

George S. Buckner, C. C. Jackson, and Barton Dement, Jr., all of Murfreesboro, for defendants in error.

FELTS, J. This is an issue of devisavit vel non upon a writing propounded by Mrs. Beulah O. Hughes as the will of William Fletcher, deceased, and contested by his collateral kin, Theoter Tucker Weaver and others. There was a verdict and judgment in favor of the will; and two of the contestants, Theoter Tucker Weaver and Leverter Tucker Mallard, appealed in error.

The writing apears to have been signed by William Fletcher and attested by two subscribing witnesses, Richard Beard and W. R. Smith, on May 29, 1917. It gave all of the land and personalty of William Fletcher equally to his wife, Sallie Fletcher, and his niece, Melissa Fletcher, but provided that the share of the one that died first should go to the survivor. Melissa was named as executrix.

They were persons of color. Since about 1904 William had been receiving a pension as a federal soldier in the

War between the States. He had no child. He, his wife, Sallie, and his niece, Melissa, lived in Rutherford County, on a tract of about 32 acres of land, which he purchased from W. M. Rogers in 1908. His niece, Melissa, died in 1930 and he died in 1927. It does not appear that he left any personalty or owed any debts. His widow, Sallie, continued to live on the land, but she never had the will probated. Mattie Wallace, another negress, lived with her from 1931 to 1941.

One of the subscribing witnesses, Mr. Richard Beard, had been a captain in the Confederate Army and was a prominent lawyer in Murfreesboro. It seems that he prepared the writing and, after it had been signed and attested, kept it in his office until his death, which occurred about the same time as the death of William Fletcher. Some time after Captain Beard's death this paper was found in his office by Mr. John Hancock, another member of the Murfreesboro Bar, who also died some years ago. Mr. Hancock delivered the paper to Mr. Tom McCaig and he gave it to Sallie Fletcher some time in 1937 or 1938. She then consulted Mrs. Beulah O. Hughes about it. Mrs. Hughes was postmistress of Murfreesboro and had been assisting her in getting her pension checks cashed, looking after her affairs, and taking care of her. Mrs. Hughes, thinking the land was already hers under a deed of 1930, advised her that it was unnecessary to probate the paper as the will of William Fletcher.

It seems that the original deed of 1908 had been lost and in 1930 the land was still assessed in the name of W. M. Rogers. Mrs. Hughes had an attorney for Sallie search the records of the register's office for the deed. Failing to find any record of it, this attorney had W. M.

Rogers execute a deed conveying the land to Sallie Fletcher in September, 1930, which deed was then recorded. So knowing these matters and thinking the land had passed to Sallie Fletcher under the deed of 1930, Mrs. Hughes advised her in 1937 or 1938 that the paper need not be probated.

Sallie Fletcher died in April 1941, without issue. She left a will devising the land to Mrs. Hughes and Mattie Wallace. Her will was upheld against a contest by some of those who are parties to the present contest. Mrs. Hughes purchased Mattie Wallace's share in the land and now claims the whole tract. She and Mattie Wallace have been in adverse possession of it ever since the death of Sallie Fletcher.

After their unsuccessful contest of Sallie Fletcher's will, some of the present contestants found that the deed of 1908 had been recorded and had conveyed the land to William Fletcher alone; and, claiming as his heirs at law, they filed a bill against Mrs. Hughes to sell the land for partition. She thereupon sought to avail herself of his will as a muniment of title and as a defense against their claim; and for that purpose she presented the writing in the county court for probate as his will. That court probated it in common form and appointed her as his administratrix, with the will annexed. Then the present contest ensued, with the result above stated.

Contestants contend that her appointment as his administratrix, being more than ten years after his death, is "utterly void," Code, sec. 8167(4); and that, having no right to act as administratrix and not being a legatee or devisee of William Fletcher, she has no right to offer his will for probate.

■ We think this contention is not sound. In the first place, her appointment as administratrix is not open to collateral attack in this proceeding. Rice, Adm'r, v. Henly & Carter, Ex'rs, 90 Tenn. 69, 15 S. W. 748; Turnpike Co. v. Puryear, 116 Tenn. 122, 92 S. W. 763; Louisville & N. R. Co. v. Herb, 125 Tenn. 408, 143 S. W. 1138; see James v. Williams, 169 Tenn. 41, 49, 82 S. W. (2d) 541, 544. In the second place, if such attack could be made, it would be immaterial. The question of the right of Mrs. Hughes to propound the will does not depend upon her being administratrix. She is not asserting any right or claim as administratrix. She seeks not to take possession or to recover anything, but only to set up the will as a link in her chain of title, to defend her title and possession against the claim of contestants as heirs at law of William Fletcher.

■■ Where a will names an executor, it is his duty to offer the will for probate; but if he declines, or if there is no executor, then any legatee, devisee, or other person interested may offer the will for probate. Ford v. Ford, 26 Tenn. (7 Humph.), 91; Patton v. Allison, 26 Tenn. (7 Humph.), 320; Winters v. American Trust Co., 158 Tenn. 479, 14 S. W. (2d) 740; Sizer's Pritchard on Wills, secs. 30, 316. If Mrs. Hughes' title derived directly from the will, if she was a devisee under it, she could propound it. Is the case different because her title comes indirectly from it, because she is a devisee of the devisee of the will? We think not. We have no statute which defines the quantum of interest that one must have to entitle him to propound, or to contest, a will. Our cases say generally anyone "interested" may do this; and in Winters v. American Trust Co., supra, where a son died pending his contest of his mother's will, it was held that

his widow and devisee could carry on the contest in her own right. If, as there held, a devisee of a distributee succeeds to the latter's right to contest the will, it would seem that a devisee of the devisee of the will would likewise succeed to the latter's right to probate the will.

In other jurisdictions one succeeding to the interest of a devisee or legatee of the will, such as a grantee, assignee, or creditor of such devisee or legatee, has been held entitled to have the will probated. Morgan v. Bass, 25 N. C. 243 (approved on another point in Fransioli v. Podesta, 175 Tenn. 340, 348, 134 S. W. (2d) 162, 165); Stebbins v. Lathrop, 21 Mass. 33; In re Rankin's Estate, 164 Cal. 138, 127 P. 1034; Hanley v. Kraftczyk, 119 Wis. 352, 96 N. W. 820; Page on Wills (3rd Ed.), Vol. 2, sec. 591.

Hanley v. Kraftczyk, supra, is quite in point. There the testator died in 1872, having devised his land to his widow. She presented his will in the county court for probate; but for some reason not shown no action was taken by the court. In 1882 she, joined by her second husband, deeded the land to Joseph Kraftczyk. He held possession of it until 1899, when he petitioned the county court to probate the will. The testator's heirs at law resisted his petition. It was held that he had a right to have the will probated. Said the Supreme Court:

"It is claimed that the defendant [proponent] has no interest in the proceedings nor standing in court. A will is a muniment of title, but in this state, and some others, in order to 'be effectual to pass either real or personal estate,' it must be 'duly proved and allowed in the county court.' Section 2294, Rev. St. 1898. When so admitted to probate, it relates back to the time of the death of the testator, and is to be treated as speaking from that

moment. Flood v. Kerwin, 113 Wis. [673], 680, 89 N. W. 845, and cases there cited. There is no ground for claiming that the failure of the county court to act upon the petition of the widow, filed November 30, 1872, is a bar to the action taken in 1899. 'A will devising lands may be admitted to probate at any time after the death of the testator.' Haddock v. Boston & M. R. Co., 146 Mass. 155, 160, 15 N. E. 495, 4 Am. St. Rep. 295. In that case the will was not admitted to probate until more than 60 years after the death of the testator. That case followed a former case, wherein it was said that, 'if a will can be found, it may be proved in the probate office at any time, in order to establish a title to real estate.' Shumway v. Holbrook, 1 Pick. [Mass.] 114, 117, 11 Am. Dec. 153. So it has been held in that state that 'whoever has a right to offer a will in evidence, or to make title under it, may insist on having it proved.' Stebbins v. Lathrop, 4 Pick. [Mass.] 33, 42. The defendant, claiming title by deed from the devisee named in the will and her husband, certainly had a right to insist on having the will admitted to probate." 96 N. W. 821.

We have a statute, Code, sec. 8099, which provides that wills "shall be proved and recorded" in the county court of the county of the testator's residence; and our cases declare that a will has "no legal force, until it is probated." State v. Lancaster, 119 Tenn. 638, 651, 105 S. W. 858, 859, 861; Winters v. American Trust Co., 158 Tenn. 479, 491, 14 S. W. (2d) 740, 743; Miller v. Proctor, 24 Tenn. App. 439, 449, 145 S. W. (2d) 807, 813. Upon the probate of a will it relates back to the testator's death and takes effect as of that time, Code, sec. 8133, and such probate is sufficient evidence of a devise of real estate, Code, sec. 8139. The probate of the writing as

the will of William Fletcher would cure the defect in Mrs. Hughes' title (Bleidorn v. Pilot Mountain C. & M. Co., 89 Tenn. 166, 173-175, 204, 15 S. W. 737, 738-739), no rights of an innocent purchaser having intervened. Wright v. Eakin, 151 Tenn. 681, 270 S. W. 992. So we hold that she has a right to offer the will for probate as a muniment of title.

Contestants also contend that, some 15 years having elapsed since the death of William Fletcher, the right to probate the paper as his will is barred by laches and the statute of limitations of ten years, Code, section 8601, which is as follows:

"Actions against guardians, executors, administrators, sheriffs, clerks, and other public officers on their bonds, actions on judgments and decrees of courts of record of this or any other state or government, and all other cases not expressly provided for, shall be commenced within ten years after the cause of action accrued."

We think this contention is foreclosed by Alsobrook v. Orr, 130 Tenn. 120, 169 S. W. 1165, Ann. Cas. 1915B, 627. That was a suit in chancery to set up a lost will, brought 21 years after the death of the testator. He devised certain land in Mississippi to his children by his first marriage, and certain real and personal property in Tennessee to his second wife and his son by her. Instead of probating the will, the parties signed a written agreement by which the first set of children took the Mississippi property, and the widow and her son took the Tennessee property. This agreement, however, was not binding on this son because he was a very young child. After he arrived at his majority he made claim to the Mississippi property; and the first set of children, who had been in possession of that property ever since the testator's

death, filed a bill to establish the will as a muniment of title to resist his claim. It was held that the suit was no barred by laches or the statute of limitations, Shan. Code, sec. 4473, now 1932 Code, sec. 8601; that neither laches nor any statute of limitations had any application to such a suit as that, where complainants sought not to recover anything, or any relief in a technical sense, but only to set up the will as a defense to defendant's claim; and that there was no statute limiting the time in which wills may be probated.

The only difference between that case and this is that that was a suit in equity to probate a lost will, and this is an action at law to probate the original will. In both cases the party seeking to set up the will had been in possession, and the other party had not been prejudiced by the delay. In this case there is an additional ground for holding that the doctrine of laches is not applicable. That doctrine is peculiar to courts of equity, derives mainly from the maxim, equity aids the vigilant, not those who sleep on their rights, Bispham's Principles of Equity (10th Ed.), sec. 39; Gibson's Suits in Chancery (3rd Ed.), secs. 49, 70, and does not apply to actions at law. 21 C. J., Equity, sec. 212, p. 214; 30 C. J. S., Equity, sec. 113, pp. 523, 524; Cf. Carpenter v. Wright, 158 Tenn. 289, 13 S. W. (2d) 51. And, as stated in the Alsobrook case:

"There is no statute in Tennessee limiting the time in which wills may be probated. At the common law, no definite time was prescribed within which a will should be probated after the death of the testator, and the right to prove a will was not barred by any lapse of time, however great. 40 Cyc. 1255." 130 Tenn. 131, 169 S. W. 1168, Ann. Cas. 1915B, 627.

█ Contestants insist that the court erred in admitting the will in evidence before the jury, and that there is no evidence to support the verdict. Both of the subscribing witnesses were dead. But their signatures and the signature of the testator were proved by witnesses who were familiar with the handwriting of each. This was sufficient proof of the formal execution of the will to justify its admission in evidence (Sizer's Pritchard on Wills, sec. 369); and this, together with the other evidence, made a case for the jury. Jones v. Arterburn, 30 Tenn. (11 Humph.), 97; Maxwell v. Hill, 89 Tenn. 584, 15 S. W. 253; Terry v. Webb, 159 Tenn. 642, 21 S. W. (2d) 622; Warren v. Warren, 11 Tenn. App. 338.

█ One of the assignments of error is: "VII. The court erred in repeating a number of times in the charge, in substance: 'The only issue to be tried by the jury is whether or not William Fletcher, deceased, was of such mentality on the day he executed the purported will, to make a disposition of his property' (see trans. p. 174)." We do not find this language in the charge. It is not sufficient for an assignment to state the substance of the part of the charge complained of; it must be quoted. Rule 11(3), Williams' Code, Vol. 7, p. 546; Shook v. Simmons, 23 Tenn. App. 685, 688, 689, 137 S. W. (2d) 332, 334.

██ Contestants complain that the court allowed witnesses for proponent to testify to the sanity of William Fletcher, without stating the facts on which their opinions were based. Nonexpert witnesses may not testify to one's insanity, without first giving the facts on which their opinions rested; but such witnesses may testify to one's sanity, without detailing the facts on which their opinions were grounded. The reasons for this distinction are that sanity is the rule and insanity

the exception, and a belief in one's sanity rests on his entire course of normal conduct, while a belief in one's insanity rests on comparatively few exceptional acts or instances of abnormal conduct; and it is reasonable to require such a witness to give the comparatively few and exceptional grounds for his belief in one's insanity, but it would be unreasonable to require such a witness to give the innumerable normal acts which are the grounds of his belief in one's sanity. Wheeler v. Parr, 3 Tenn. Civ. App. (3 Higgins), 374; Davis v. State, 161 Tenn. 23, 36-38, 28 S. W. (2d) 993, 997; Woolard v. Ferrell, Executor, Tenn. App., 169 S. W. (2d) 134.

All of the assignments of error are overruled and the judgment of the circuit court is affirmed. The costs of the appeal in error are adjudged against plaintiffs in error, Theoter Tucker Weaver and Leverter Tucker Mallard. The case will be remanded to the circuit court in order that the verdict and judgment may be certified to the county court, to be entered of record.

Howell and Hickerson, JJ., concur.