**TENNESSEE COPPER COMPANY,**
Appellant,

v.

**Dora Simmons SMITH, Appellee.**

No. 12084.

United States Court of Appeals
Sixth Circuit.

Oct. 21, 1954.

Frantz, McConnell & Seymour, Knoxville, Tenn., for appellant.

Hodges & Doughty, Knoxville, Tenn., for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

In this action for damages for personal injuries arising out of an automobile accident in Polk County, Tennessee, judgment was entered upon the jury's verdict for $25,000 in favor of the appellee, who was a passenger in one of the automobiles involved. Appellant's motion for a new trial was overruled by the District Judge, conditioned upon the appellee ac- cepting a remittitur of $6,000, with which condition appellee complied. This appeal followed.

Appellant contends that the accident was caused by the sole negligence of the operator of a third automobile who pulled out from behind the car in which appellee was riding into the path of the appellant's truck coming in the opposite direction, which caused appellant's driver to apply his brakes suddenly, causing the truck to skid into collision with appellee's car.

There was substantial evidence that appellant's truck was being operated at a speed of from 50 to 65 miles per hour at the time. The Tennessee statutory speed limit for trucks is 40 miles per hour. Sec. 2682.1, Code of Tennessee.

The District Judge overruled appellant's motion for a directed verdict, but instructed the jury under the sudden peril doctrine, which included the well settled qualification that the appellant could not claim the benefit of the rule if its negligence contributed to the creation of the emergency, which factual issue was left to the jury. Smith v. Fisher, 11 Tenn.App. 273; Caldwell v. Hodges, 18 Tenn.App. 355, 77 S.W.2d 817; Shook v. Simmons, 23 Tenn.App. 685, 137 S.W.2d 332. In view of the evidence above referred to, we are of the opinion that the question involved in this phase of the case was properly left to the jury. Stanford v. Holloway, 25 Tenn. App. 379, 157 S.W.2d 864, 869–870.

Appellee's injuries were serious and in part permanent, including multiple fractures, a serious brain injury, and partial paralysis of the left side. There was a 60 to 70 per cent disability in the use of her left upper extremity. She was hospitalized on three separate occasions. Hospital and medical bills were $1,555.23. We do not agree with appellant's contention that in view of her age of 65, with a life expectancy of approximately 11½ years, the verdict was so excessive as to indicate that it was the result of passion, prejudice or unaccountable caprice on

**430**

the part of the jury, or that the judg-
ment was so excessive as to require this
Court to set it aside and direct a new
trial. In a personal injury suit damages
are unliquidated and there is no fixed
measure of mathematical certainty. The
determination by the jury will not be set
aside where, as in this case, there is sub-
stantial evidence to sustain the amount
of the verdict. Werthan Bag Corp. v.
Agnew, 6 Cir., 202 F.2d 119, 123. See
Spero-Nelson v. Brown, 6 Cir., 175 F.2d
86.

The judgment is affirmed.