W. C. Terry *v.* Hu M. Webb, *et al.*

(*Knoxville.* September Term, 1929.)

Opinion filed November 16, 1929.

A. Y. Burrows, for complainant, appellant.

Jennings, Saxton & Wright and Webb, Baker & Egerton, for defendant, appellees.

Mr. Justice Cook delivered the opinion of the Court.

The complainant seeks a declaration as to his title under a conveyance from the Testamentary Trustee of William C. Caswell. The chancellor sustained the demurrer of the Trustee, heirs at law, and beneficiaries under the will and complainant appealed.

In a will disposing of his estate, William C. Caswell made Hu M. Webb Testamentary Trustee with power to sell land for re-investment, subject to the approval of Charlton Karnes and L. M. G. Baker.

Exercising the power of sale in the manner prescribed by the will, the Trustee sold and conveyed certain real estate to complainant Terry. The complainant, apprehensive of his title, filed the bill. He does not question the title as it rested in the testator. The alleged defect refers to proceedings in the probate courts of Florida and of Tennessee.

At the time of his death, the testator was a resident of Florida and his will was presented for probate in the County Court of Lee County, Florida, on August 17, 1926. It was admitted to probate upon proof of its due execution by witnesses other than the subscribing witnesses. A copy of that proceeding, with copy of the will and codicils, probated in Florida and authenticated

according to the Act of Congress (Shannon's Code, sec. 5585a1), were presented to the County Court of Knox County through the petition of the executor and the will was there admitted to probate upon this record. All the heirs at law of the testator were duly notified of the proceedings in both courts. No heir, beneficiary, or other person claiming an interest in the estate and having a right to do so, challenged the probate of the will or questioned the regularity of the probate proceedings. The complainant as vendee of the Testamentary Trustee insists that the will did not pass title to the trustee because its execution was not duly proven in the Florida court. He makes no contention that the will as executed lacks conformity with the laws of this State. The criticism is directed solely to the procedure through which due execution of the will was established in Florida and in Tennessee. The will and codicils are each attested by two subscribing witnesses, which meets the requirement of our statute of wills. Shannon's Code, sec. 3895.

▉ The purpose of the procedure through the probate courts was to establish the due execution of the will, that was the question before them, the subject of their adjudication. The due execution of the will could be proven by the subscribing witnesses if living and within the jurisdiction of the Florida court; or if for any reason the subscribing witnesses could not be found and direct proof of the due execution of the will was not available secondary evidence was sufficient. It could be presented by witnesses who knew the facts. *Jones* v. *Arterburn*, 11 Humph., 98; Sizer's Pritchard on Wills, sec. 333.

▉ It is no matter of concern to complainant, a stranger to the record through which the will was probated, whether due execution of the will was proven by

the production of the non-resident subscribing witnesses or in their absence by competent, credible, secondary evidence. This being true and it appearing from the record that the subscribing witnesses were residents of Tennessee, it must be assumed that the Florida court accepted secondary evidence as proof of the due execution of the will. The will having been probated in Florida, was presented for probate in conformity with chapter 77, Acts of 1919. This Act provides:

"Sec. 1. That a will, duly proved, allowed and admitted to probate outside of this State, may be allowed and recorded in the proper court of any county of this State, in which the testator shall have left any estate.

"Sec. 2. That when a copy of the will and the probate thereof, duly authenticated, shall be presented by the executor or by any other person interested in the will, with a petition for probate, the same must be filed and a time must be appointed for a hearing thereon and such notice must be given, as required by law, on a petition for the original probate of a domestic will.

"Sec. 3. That if upon the hearing, it appears to the satisfaction of the court that the will has been duly proven, allowed and admitted to probate outside of this State, and that it was executed according to the law of the place in which the same was made, or in which the testator was at the time domiciled, or in conformity with the laws of this State, it must be admitted to probate, which probate shall have the same force and effect as the original probate of a domestic will."

The record authenticated according to the Act of Congress shows affirmatively that the will was probated in the Florida court. It must be assumed that the subscribing witnesses were not available and that the Flor-

ida court, as it had a right to do, received the best evidence obtainable to prove the execution of the will bearing the signature of the testator attested by the subscribing witnesses. Upon that record the will was received and recorded in the County Court of Knox County in conformity with the Act of 1919. Those who might have resisted probate made no objection in either court. Their judgment that it was the will of the testator is conclusive of its due execution by the testator, attested by the subscribing witnesses.

The confusion in complainant's mind seems to have been brought about through a cautionary measure of the executor, who, in addition to presenting the Florida record and resorting to it as the basis for the proceeding in the Tennessee Court, called the subscribing witnesses who were available in Tennessee and had them examine the certified copy of the will and thereupon testify to the due execution of the original. It was said in *Jacobs* v. *Willis Heirs,* 147 Tenn., 584, that this might be done under section 3916 of Shannon's Code. No discussion of this last proposition is necessary, because the probate of the will upon the authenticated record is conclusive against the collateral attack brought against it by the complainant.

The chancellor sustained the demurrer and we concur in his decree.