SARAH FLANARY, Plaintiff in Error v. W. D. LANNOM, Admr., et al., Defendants in Error.

Western Section. July 26, 1930.

Pierce & Fry, of Union City, for plaintiff in error.

W. H. Miles and H. H. Lannom, of Union City, for defendant in error.

SENTER, J.  This is a will contest case from the Circuit Court of Obion county, on an issue of devisavit vel non.

At the trial of the case the jury returned a verdict against the genuineness of the will purported to be the will of J. M. Russell, a resident of Obion county.  There was a motion for a new trial by the proponents of the alleged will, which motion for a new trial was overruled, and judgment entered on the verdict of the jury. From the action of the court in overruling the motion for a new trial, and in rendering judgment against the plaintiff, she has appealed to this court in the nature of a writ of error, and has assigned three errors, as follows:

1.

"The court erred in overruling the motion for a new trial, in that there is no evidence to support the verdict of the jury.

2.

"The court erred in overruling the motion for a new trial, in that the verdict of the jury is against the weight of the evidence.

3.

"The court erred in overruling the motion for a new trial, in that the court erred in excluding the letter of W. D. Lannom, as administrator, addressed to Walter B. Boyd, under date of Decem-

ber 11, 1926, and which has the following sentences: 'Miss Flanary is the one that deserves the sympathy of these friends. She was the one that had Uncle Jimmie's interest at heart at all times, and it is likewise it is she that will cherish his memory longer than anyone else!''

We will take up and dispose of these three assignments of error in inverse order, taking the third assignment first.

W. D. Lannom was the administrator of the estate of J. M. Russell, deceased, and the letter made the basis of the third assignment of error was written by him to a Mr. Boyd shortly after the death of the deceased. It contained merely the expression of an opinion by Mr. Lannom on the question of the affection which Miss Flanary had for the deceased. It is contended by appellant that this letter was competent as it would reflect light upon the sentiment entertained by mutual friends of the affections which Miss Flanary had for the deceased and her claim upon his bounty. We cannot agree to this contention. It was a letter written by a third party and contained but the impressions of the writer of the letter. It could have had no material bearing on any issue in the case. This assignment is accordingly overruled.

The second assignment to the effect that the verdict of the jury was contrary to the greater weight of the evidence must likewise be overruled under the settled rules pertaining to appellate court practice. There is no difference in the rule as applied to will contest cases from that in any other suits where the issues are submitted to a jury under a proper instruction from the court and the issues determined by the jury. The appellate courts in such cases do not try the case de novo. If there is any material evidence to support the jury verdict concurred in by the trial judge it cannot be disturbed on appeal. This question is so well settled in this state that it would seem that the citation of authority is unnecessary. However, we will refer to some of the early holdings by the Supreme Court on the subject, and which are now recognized as the fixed rule.

Among the early cases is that of Pettitt's Executors v. Pettitt, 4 Humph., 193, where it is said, ''In such cases the well settled and inflexible rule of this court is to suffer the verdict to remain, where there is any testimony to sustain it, unless there be error in matters of law.'' This was a will contest case on an issue of devisavit vel non. In Crutcher v. Crutcher, 11 Humph., 387, another will contest case, the court after referring to the Pettitt case, said: ''In such cases where the Circuit Court has refused a new trial, the well settled and inflexible rule of this court is to suffer the verdict to remain where there is any testimony to sustain it, unless there be error in matters of law. We see no reason to

modify this rule, or to make any exceptions to it, but on the contrary, it must be regarded in the language of Judge Reese, as 'settled and inflexible.' '' In the case of Hackworth v. Hackworth, 6 Tenn. App., 452, this court, in an opinion by Justice Snodgrass, said: ''The verdict of the jury has, we think, settled every issue of fact in favor of the validity of the will, and if there is any evidence to support it, it may not be disturbed on that ground, as there is no difference in cases of will contest from other cases in which this rule is applicable.'' Citing Crutcher v. Crutcher, 30 Tenn., 377.

This brings us to a consideration of the first assignment of error, to the effect that there is no evidence to support the verdict of the jury.

It appears that J. M. Russell, who had resided in Union City for some years prior to his death, died in Obion county, Tennessee, on October 20, 1928. It appears that in January, 1926, he was in a hospital in Memphis for an operation for the removal of a cataract on his eye. It appears that for some years prior to his death he was attentive to the plaintiff in error, Sarah Flanary, who conducted a millinery business in Union City. Their friendship was evidently intimate. For a part of the time he kept a desk in her millinery store. But for more than a year he had kept his desk in the law office of Mr. W. D. Lannom, who qualified as the administrator of his estate soon after his death. While he was in the hospital in Memphis he received a letter from plaintiff in error. This letter was mailed from Union City on January 20, 1926, and the post mark on the envelope is dated January 20, 8 p. m., and the envelope bears the postoffice stamp at Memphis on the reverse side, of January 21, 8:30 a. m. The alleged will offered for probate is written on the last sheet of this letter, and is as follows:

''Sarah is the only one cares for me. I want her to have all I have gotten.

''J. M. R.

''Jan. 20—26.''

Plaintiff in error claims that at the time J. M. Russell went to Memphis for the operation, he took with him her handbag, and that some time later she got the handbag back and upon opening it she discovered the letter encased in the envelope which she had written to him while he was in the hospital in Memphis, and knowing that it was the last letter which she had written him, she took the letter out of the envelope and read it, and on the reverse side of the last sheet, after her signature, she discovered the writing in Russell's handwriting, and which is the writing which she proposed to probate in solemn form in the County Court of Obion

county, Tennessee, as the last will and testament of J. M. Russell, deceased.

It appears that this was several months after the death of J. M. Russell. It also appears that soon after the death of J. M. Russell she had numerous conversations with W. D. Lannom, who she knew to be the close friend of J. M. Russell. W. D. Lannom testified that soon after the death of J. M. Russell he had numerous conversations with plaintiff in error, and in one of the conversations she stated to him in substance that she knew that Russell intended for her to have what he had. She then inquired of him if there had been a marriage between them, what she would be entitled to receive as his widow, and that he informed her that she would be entitled to the personal property and homestead and dower rights in the real property, and that she then inquired if a marriage certificate could not be procured from some of the places where they had gone together, and he informed her that was impossible. She then inquired of him if a will could not be fixed up and that he informed her that such a thing was impossible and that he would not even discuss it with her.

It appears that she then instituted a suit in the Circuit Court, basing her suit upon an alleged promise made by Russell to her that he would will to her the greater portion of his property, and that because of this promise she devoted much of her time and attention to looking after him and caring for his comfort, etc. A nonsuit was taken in that case, and she then filed a bill in the Chancery Court alleging that she had discovered this writing on the bottom of the letter that she had written to Russell, and that she would offer the same for probate in the County Court of Obion county as the last will and testament of J. M. Russell, and sought an injunction enjoining and restraining W. D. Lannom, administrator, and the heirs at law of Russell, from making any distribution of the estate until she could, in a proper proceedings in the County Court, set up the will. The temporary writ of injunction was issued, and later was dissolved and the suit dismissed. Whereupon, she filed the necessary petition in the County Court of Obion county for the probate of the alleged paper writing as the last will and testament of J. M. Russell in solemn form. The issue of devisavit vel non was duly made up in the Circuit Court of Obion county by the contestants, the defendants in error herein. There was much evidence heard at the trial of the case. Plaintiff in error introduced several witnesses who claimed to be familiar with the handwriting of J. M. Russell, and testified that the writing offered for probate was the genuine handwriting of J. M. Russell. The defendants in error, the contestants, offered the evidence of

several non-experts, and the evidence of the president of the Farmers Exchange Bank, of Union City, Mr. Charles Miles, and other bank officials where J. M. Russell did his banking, and these witnesses, several in number, testified that the paper writing was not in the genuine handwriting of J. M. Russell, and declared the same to be a forgery. In addition to this evidence, the contestants offered the evidence of a Mr. Wood, a well known expert in handwriting, to whom the instrument had been submitted for examination and for his opinion as to its genuineness. This expert witness is shown to be among the well known experts on handwriting. He made a careful analysis of the writing and compared it with the genuine writing of the deceased Russell, took photographs of letters, and made an enlarged photograph of the writing proposed to be probated as the will, and these photographs were explained in detail by this expert witness, and from all of which he testified that the instrument proposed to be probated as the will of Russell was a forgery. He went into great detail and a careful and scientific analysis.

Able counsel for appellant attacked the credibility of this expert witness largely on the ground that he was receiving considerable compensation. To this criticism we cannot agree. One who has made a profession of analyzing handwritings and with the necessary facilities, including the development by photography of the genuine and the spurious, and who is shown to have a proper conception of the ethics of his profession, entitles his evidence to great weight. These photographs in the enlarged form are made exhibits to his evidence, and when these photographs are examined in the light of his explanatory statements, it amounts to almost a physical demonstration of the accuracy of his work. However, there was a decided conflict in the evidence, and the jury by its verdict resolved the issues in favor of the contestants, and by the verdict found that the proposed instrument was a forgery.

There is no assignment of error directed to the charge of the court, or any ruling of the court, on any evidence, except the action of the court in excluding the letter of W. D. Lannom to Boyd, discussed under the third assignment. The verdict of the jury concurred in by the trial judge by his action in denying the motion for a new trial, there being evidence to support the verdict, is conclusive on this court under the well settled rule in this state.

It results that all assignments of error are overruled, and the judgment of the lower court is affirmed. The cost of this appeal will be paid by appellant, Sarah Flanary, and sureties on her appeal bond, I. E. Flanary, T. M. Flanary, W. A. Nailling.

Owen and Heiskell, JJ., concur.