## PARKER v. WEST.—199 S. W. (2d) 928.

Middle Section.   October 26, 1946.

Petition for Certiorari denied by Supreme Court, January 11, 1947.

Bennett Eslick and David Rhea, both of Pulaski, and Braly Craig, of Lewisburg, for plaintiff in error.

J. S. Jones, T. W. Moore and D. R. Wade, Jr., all of Pulaski, for defendant in error.

HICKERSON, J. This is a suit to contest the validity of the will of Mattie W. Weatherford. Carson West is the proponent and Shirley West Parker is the contestant. The jury found in favor of the will and judgment was entered thereon sustaining it. The contestant appealed in error to this court.

Many issues were decided in the trial court, but the assignments of error present only two questions for our determination: (1) There is no proof of the formal execution of the alleged will as required by the laws of Tennessee. (2) There is no evidence to support the verdict of the jury and the judgment of the court based thereon.

(1) Did the proponent of the will prove its formal execution as required by the law of this state?

The applicable code sections are:

Code Section 8089: "No last will or testament shall be good or sufficient to convey or give an estate in lands, unless written in the testator's lifetime, and signed by him, or by some other person in his presence and by his

direction, and subscribed in his presence by two witnesses at least, neither of whom is interested in the devise of said lands.''

Code Section 8108: ''Upon the trial of the issue in case of a written will with witnesses, it shall be proved by all the living witnesses, if to be found, and by such other persons as may be produced to support it.''

■ When the subscribing witnesses are dead, or cannot be produced, it is competent to prove their signatures, and the signature of the testatrix, by witnesses who are familiar with their handwriting. Code Section 8108; Terry v. Webb, 159 Tenn. 642, 21 S. W. (2d) 622; Weaver v. Hughes, 26 Tenn. App. 436, 173 S. W. (2d) 159, 162; Warren v. Warren, 11 Tenn. App. 338.

■ Proof of the signature of the testatrix and of the signatures of the attesting witnesses, nothing else appearing, raises a presumption that the witnesses signed according to the provisions of the attestation clause preceding the signatures. Beadles v. Alexander, 68 Tenn. 604.

There is no proof that the will was not properly executed. The parties stipulated that the only subscribing witnesses were dead; and they further stipulated, ''That the signatures of C. W. Sarven and J. G. Rankin appearing as attesting witnesses to a certain paper writing of date March 1, 1932, having the name of Mattie W. Weatherford signed thereto, are the true and genuine signatures of the said C. W. Sarven and J. G. Rankin.''

The attestation clause provides: ''The foregoing instrument was signed, sealed, published, and declared by Mattie W. Weatherford, as and for her last will and testament in our presence, and in the presence of each of us, on the day the same bears date, and we, at the same time, at her request and in her presence, and in the

presence of each other hereto subscribe our names as attesting witnesses, on this 1st day of March, 1932."

Several competent witnesses testified that the signature to the proposed will was the genuine signature of Mattie W. Weatherford. There is very little proof to the contrary. The contestant testified that Mattie W. Weatherford was of sound mind at the time the will was executed.

It is difficult to see how the formal execution of the will could have been proved with more certainty. There is no merit in the contention of the contestant that the proponent failed to prove the formal execution of the will as required by the law of this state.

(2) Contestant assigns as error that there is no evidence to support the verdict of the jury and judgment of the trial court based thereon.

As far as this appeal is concerned, all questions which could be raised under this assignment of error were finally determined in the lower court, except one: Did Mattie W. Weatherford revoke her will?

Revocation is a question of intention, and whether the testatrix intended to revoke her will is an issue for the jury to determine. Grimes v. Nashville Trust Co., 176 Tenn. 366, 141 S. W. (2d) 890; Billington v. Jones, 108 Tenn. 234, 66 S. W. 1127, 56 L. R. A. 654, 91 Am. St. Rep. 751; Smiley v. Gambill, 39 Tenn. 164; Ford v. Ford, 26 Tenn. 92.

The rule in regard to revocation, which has been approved by our Supreme Court, is stated in Pritchard Law of Wills and Executors, Second Edition, 314, section 266, to be: " Revocation is the act of the mind demonstrated by some outward sign. It is, first of all, a question of intention, but that intention must be shown by some act done or believed to be done to give it effect. An un-

executed intention to revoke, no matter how often declared or strongly made, cannot have the effect to avoid a will, unless the intention be accompanied by some act designed to carry out the purpose of revocation. On the other hand, an act of absolute destruction is not a revocation, if the intention to revoke be clearly wanting. It is the purpose of the mind that gives character to the act; and the intention to revoke must concur with some act of cancellation, mutilation or destruction done or attempted, to effect the revocation of a will. If they do so concur, the will is as effectually revoked as if it had never been executed, and can never be set up unless re-executed.''

██ Upon a review of a judgment of the Circuit Court based upon the verdict of a jury we are governed by the rule that where a trial judge approves a verdict of a jury and enters judgment thereon, this court does not consider the question of the preponderance of the evidence, but only whether there is any material evidence to sustain the verdict and judgment of the trial court. Kurn v. Weaver, 25 Tenn. App. 556, 161 S. W. (2d) 1005.

██ This rule applies with respect to every material issue in the case. All reasonable inferences must be resolved in favor of the verdict which was approved by the trial judge, Anderson v. Carter, 22 Tenn. App. 118, 118 S. W. (2d) 891, 892; and all countervailing evidence must be discarded, Davis v. Mitchell, 27 Tenn. App. 182, 178 S. W. (2d) 889.

██ These rules apply upon a review of a judgment of a trial court based upon the verdict of a jury in a will contest case. Bridges, Ex'r, v Agee, 15 Tenn. App. 351; Flanary v. Lannom, Adm'r, 12 Tenn. App. 236; Hackworth et al. v. Hackworth et al., 6 Tenn. App. 452.

Testimony was introduced to support the following facts: Mattie W. Weatherford was 75 or 76 years old when she died on July 22, 1944. Carson West, who was about 60 years old, was her youngest brother and her favorite. She lived several years in Alabama with her husband. When her husband died in 1928, she returned to Giles County, Tennessee, and lived in the home with Carson West for many years. They were very happy together.

On March 1, 1932, Mrs. Weatherford went to Athens, Alabama, and executed the will which is involved in this suit. Her brother did not know she was going to execute the will. Upon her return she told him she had made a will and had given him everything she had. It was explained that the will had been left at the office of her lawyer in Athens, Alabama. The brother never saw the will until his sister died; but she always told him she was going to give him all she had.

Carson West married in August 1942, and brought his wife into the home with him and his sister. The sister was jealous of the wife, so, to keep peace, Carson West and his wife moved into a small house on the place and left the sister in the main home. He continued to look after his sister as long as she lived.

The office of J. G. Rankin, the lawyer who drew her will, burned; and Mrs. Weatherford stated to her brother that she was ''afraid the will wasn't no account but she said things were fixed up so everything was all right.'' She told several other people she wanted Carson to have everything she had and that she had things fixed all right.

Shirley West Parker was a niece of Mrs. Weatherford. Her husband tried to get Mrs. Weatherford to

come and live with them and make another will. Mrs. Weatherford refused.

A few days before her death, Mrs. Weatherford told Mrs. Carson West that she had her valuable papers in a traveling bag in her room, and requested Mrs. West to wrap a quilt around the bag and put it away or take care of it. Mrs. West did so attaching no particular importance to the request.

When Mrs. Weatherford died, Carson West went to Athens, Alabama, and tried to locate the will. He did not find it. Shortly after he returned home, his wife was looking through the valuable papers in the traveling bag which Mrs. Weatherford had left in her care and among those valuable papers Mrs. Carson West found the original will of Mrs. Weatherford. She promptly notified her husband, who was at work.

Carson West, as the executor and sole beneficiary, probated the will. There is no doubt in our minds about the paper being the original will of Mrs. Weatherford.

The contest was brought shortly thereafter with the result heretofore stated.

Would the foregoing facts and all reasonable inferences which could be drawn therefrom constitute material evidence to support the conclusion of the jury that Mrs. Weatherford did not intend to revoke her will? We think the trial judge properly submitted the question to the jury. For several months, Mrs. Weatherford lived in the large home alone. She did her own work. The record shows she was a woman of strong will power. The traveling bag with her valuable papers, deeds, bonds, the will, was there in the room with her. While she had stated that she was afraid her will had burned, she also stated she wanted Carson West to have everything she had, and that she had things fixed all right. She talked

about making another will, but she did not do it. When she would be angry with Carson and his wife she would state that she did not want them to have any of her property and that she intended to give it to the government. There is testimony that she stated her will had been burned.

All this conflicting testimony clearly presents a question for the jury. It is not an unreasonable inference that Mrs. Weatherford knew her original will was in the traveling bag with her other valuable papers, and that she said nothing about it to keep down a row in her family. One thing is certain: the will was in the very bag which she said contained her valuable papers.

We find no error in the judgment of the Circuit Court. The assignments of error are overruled, and the judgment is affirmed. Tax the costs against Shirley West Parker and J. P. Parker, her surety.

Felts and Howell, JJ., concur.